## A. B. ALLCOTT v. STATE.

No. A-8564.   Sept. 29, 1933.
Rehearing Denied Oct. 20, 1933.
(25 Pac. [2d] 1112.)

J. O. Whiteside, for plaintiff in ereror.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the district court of Oklahoma county of the crime of grand larceny by fraud, and his punishment fixed by the jury at imprisonment in the state penitentiary for a term of two years and six months.

The evidence of the state was that J. E. Hubbs was the owner of a 1929 model De Soto sedan, which he had purchased in Los Angeles, Cal., the purchase being financed by the Sterling Finance Corporation of that city; that Hubbs was a traveling man, and with permission of the finance corporation had brought the car to Oklahoma City and was working out of that city; that he had paid up all back installments and stored the car in the Continental Garage; that defendant had at one time been an enforcement officer in the highway department, charged with the duty of collecting delinquent automobile license taxes, but that his authority had expired six months before the transaction complained of; that defendant went to the Continental Garage and, finding this car, told the garage owner that he was a state enforcement officer, and to not let the car go out without orders from him; that there was attached to the steering wheel of the car an identification slip from which defendant got the information that the Sterling Finance Corporation had a mortgage on the car; that defendant wired the finance corporation he had this car under observation and inquired if they wanted it held for their disposition; that the finance corporation wired defendant to obtain the address of Hubbs, that the balance due on the car was $120.71, and to hold the car until payment could be arranged; that defendant wired the finance corporation Hubbs' last known address was Fort Worth and the car was in bad condition; that later defendant wired the finance corporation to send him certified copy of their mortgage, as under the Oklahoma law after 120 days the mortgage would be invalid; that later he wired them he had paid $30 storage and $27.35 personal service, and that if he did not hear from them within a few days he would sell the car; that later defendant obtained a license for the car by making an af-

fidavit that the West Insurance Company had a mortgage on it; that as a result of all these telegrams and maneuvers, Allcott sold the car, refusing at first to give the name of the party he sold it to, but later giving that information.

Defendant did not take the witness stand and made no explanation of the facts and circumstances surrounding the taking of the car, nor what he did with the proceeds of the sale.

The first contention is that the evidence is insufficient to support the verdict of the jury.

A careful reading of the evidence convinces the court that defendant obtained possession of the car by fraudulently representing that he was a state enforcement officer, receipting for the car under that authority, and that he handled the whole transaction with the intent to unlawfully obtain possession of the car and dispose of the same.

It is next contended the court erred in admitting incompetent evidence.

The state, through the telegraph company, introduced a series of telegrams sent by defendant to the Sterling Finance Corporation, and their telegrams to him. These were undoubtedly admissible as tending to show the steps by which defendant obtained possession of the car, and his purpose in obtaining the same.

The only exhibit which might be contended to be inadmissible is a letter written by the Sterling Finance Corporation to Hubbs, but the record discloses that most of the incriminatory facts conveyed to Hubbs by the finance corporation in this letter were derived from telegrams received by said corporation from defendant and by testimony given by the prosecuting witnesses elicited by coun-

sel for defendant on cross-examination. In Ford v. State, 23 Okla. Cr. 46, 212 Pac. 444, this court held that the admission of incompetent evidence, where such facts are otherwise proved in a competent manner, is harmless.

In this connection he also complains of the admission of the receipt or release signed by Calhoun, the garage man.

This receipt was prepared by defendant and was evidently another step taken by him to cover up his intent to defraud. Calhoun, the garage man, signed the receipt believing that defendant was an officer of the highway department and agent for the Sterling Finance Corporation, when in truth and in fact he was neither. Calhoun evidently thought he would be protected if he turned the car over to defendant, because he had convinced himself that defendant was a highway enforcement officer, and it was by means of these false representations, as shown by the receipt, that defendant obtained possession of the car.

The trial court fully instructed the jury upon defendant's theory of the case, that he took the car openly and in good faith under a claim of right conferred on him by the finance corporation.

The evidence being sufficient to support the verdict of the jury, and the errors of law complained of having no merit, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.