George **WILLIAMS**, Jr., Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A–16796.

Court of Criminal Appeals of Oklahoma.

Dec. 10, 1971.

H. A. Leatherman, Oklahoma City, for plaintiff in error.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Mike Jackson, Legal Intern, for defendant in error.

BUSSEY, Presiding Judge:

George Williams, Jr., hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County, Oklahoma for the offense of Burglary in the Second Degree. His punishment was fixed at seven (7) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Harold Jackson testified that he was employed by the Security Burglary Alarm Company, and that at approximately 2:00 in the morning of November 17, 1970, he received an alarm from the Kennards Discount Food Store. He immediately notified the Oklahoma City Police Dispatcher, and dispatched a local guard to the location.

Officer Enger testified that he responded to a call, and proceeded to Kennards Market to investigate an alarm which had been sounded. He drove to the northwest corner of the store, he heard some commotion, and then he observed two persons running from that area toward the front of the store. He drove to the front of the store and observed Officers Shockley and Jones apprehend two persons, one of whom he identified in court as the defendant. He returned to the northwest corner of the store and observed that a large hole had been knocked into the block wall of the building. Three cartons of cigarettes, and a sledge hammer, were found outside the hole near the building. He testified that the defendant was wearing cotton gloves, and when he was placed in the patrol car, the defendant attempted to stuff them under the seat. The gloves, and a syringe, were taken from the defendant, and admitted into evidence over the objection of defendant.

Officer Jones testified that he was dispatched to the food market at approximately 2:00 o'clock a. m., November 17, 1970, and upon arriving at the market, he observed two subjects running from the store into the front parking lot, whereupon he and Officer Shockley arrested the subjects. He identified the defendant as one of the men arrested on the morning in question. He identified photographs which were taken of the scene.

Officer Barber testified that he was called to the scene to take photographs, and he identified certain pictures taken, both inside and outside of the store. Photographs taken inside the store showed that boxes of cigarettes had been moved near the hole in the wall.

Herman Kennard testified that he was the owner of the Kennard Discount Foods Store, and that on the previous evening, he had locked the premises prior to leaving for the night. He testified that he did not give the defendant or anyone else permission to enter the premises.

The defendant testified that on the morning in question he was walking home, and was offered a ride by a person known to him by the name of "Robert," and that Robert picked up Kenneth Jackson, and it was decided that they would drive to the airport. He testified that Robert stopped near the store, he pulled a gun, and then ordered them to put on gloves and take the sledge hammer. They dismounted from the vehicle and walked toward the store. Robert parked the vehicle away from the store, and followed them to the store. He ordered them at gunpoint to knock a hole in the wall.

Kenneth Jackson knocked the hole in the wall, and both he (Kenneth) and Robert entered the building. Defendant testified that he attempted to locate Robert, but was unable to determine his whereabouts.

In rebuttal, the defendant stipulated that if Officer Shockley were present, he would testify that on the morning in question he was returning from the Oklahoma City Police Department to his home. He observed the defendant and Kenneth Jackson crossing the street wearing gloves and carrying a sledge hammer. He became suspicious and stopped his vehicle about a half a block down the street from the store; the officer then observed the defendant and Jackson knock a hole in the wall of the grocery store with a sledge hammer. He observed both Jackson and the defendant enter the store and carry out cartons of cigarettes. The officer then proceeded to a pay telephone and called the Oklahoma City Police Department. Prior to completing the call, however, he observed a police car arrive at the scene.

The defendant was called in surrebuttal and testified that Officer Shockley was not telling all the truth.

■ The first proposition asserts that "The court erred in overruling defendant's objections to the testimony of police officer testifying to, and displaying a purported syringe." Defendant argues that the admission of the syringe into evidence was improper, for it was completely remote and immaterial to the case being litigated, and was used solely to arouse prejudicial emotion. Although defendant is correct in his proposition that the syringe was improperly admitted, we are of the opinion that excluding the syringe from evidence would not have changed or influenced the jury's finding of guilt. In the recent case of Wing v. State, Okl.Cr., 490 P.2d 1376, we stated:

"However, the fruits of the search challenged by defendant did not constitute a material, vital, or essential part of the evidence incriminating the defendant. They were matters of a *collateral nature*. This evidence was not so prejudicial that it 'fatally infected' the conviction and its exclusion from consideration would not have affected the verdict, Therefore, although admission of the fruits of the search was error it did not fatally infect the conviction and is thus harmless error which does not require reversal of the conviction." (Emphasis Added)

■ The final proposition contends that the trial court erred in not granting defendant a mis-trial for inflammatory remarks by the District Attorney and argument to the jury. Among other contentions of improper remarks, the defendant specifically argues that the District Attorney stated his personal views as to the truthfulness of the testimony of the defendant by stating that the defendant was lying, and had perjured himself. In the recent case of Fulks v. State, Okl.Cr., 481 P.2d 769 (1971), we stated:

"We are of the opinion that the District Attorney has a right to express his opinion as to the veracity of the testimony. However, he must be very careful in the language used in doing so. The desire for success should never induce him to endeavor to obtain a verdict by argument based on anything except the evidence in the case and the conclusions legitimately deductible from the law applicable to the same.

"This Court does not condone the language used; however, it is difficult to say that the defendant was prejudiced thereby to the extent of requiring reversal."

In conclusion, we observe that because of the introduction of the improper evidence and the improper remarks by the District Attorney in his closing arguments that justice would best be served by modifying the judgment and sentence from a term of seven (7) years imprisonment to a term of two (2) years imprisonment, and as so modified, the judgment and sentence is affirmed.

BRETT, J., concurs.