Tom **CONSTABILE**, Appellant,

v.

**STATE** of Oklahoma, Appellee.

No. M–73–52.

Court of Criminal Appeals of Oklahoma.

Aug. 15, 1973.

A. W. Mauldin, Duncan, for appellant.

Larry Derryberry, Atty. Gen., Michael Cauthron, Asst. Atty. Gen., and Daniel J. Gamino, Legal Intern, for appellee.

OPINION

BLISS, Presiding Judge:

In the District Court of Stephens County, Oklahoma, the appellant, Tom Constabile, hereinafter referred to as defendant, was charged, tried before a jury and convicted for the offense of Operating an Open Saloon. His punishment was set at a fine of Five Hundred Dollars ($500.00). From that judgment and sentence defendant has perfected his timely appeal to this Court.

Briefly stated, the evidence adduced at the trial is as follows: Tom Cape, agent, Oklahoma Alcoholic Beverage Control Board, testified that on February 6, 1970, he and Agent A. F. Blackshere were in Duncan, Oklahoma, checking on all the local clubs. He testified that around 11:15 p. m. they entered the Spot Club. They did not have a bottle, had not previously brought a bottle there and did not have permission to use any member's bottle. Cape said he sat in a booth and watched Blackshere walk to the bar and order a scotch and water and a bourbon and seven-up. Defendant mixed the drinks, and Blackshere paid him for each. He took the drinks and joined Cape in the booth. Cape testified that he tasted his drink, that it had alcohol in it and that it smelled like whiskey. Cape related that later he and Blackshere took their drinks to the bathroom in the club, and each poured some of the contents of his drink into a separate small vial. He testified that he labeled his vial and gave it to Blackshere for transportation to the Alcoholic Beverage Control office in Oklahoma City for chemical analysis. The vial was then introduced into evidence over the objection of defendant because of a failure to establish a complete chain of possession.

Cape further testified that after mixing the drinks defendant came over to the agents' booth. During the ensuing conversation, defendant stated that he had to be "kind of careful about serving drinks because there'd been some raids in town" but as long as he had no disturbances in his place he would not be bothered. Defend-ant also admitted being the owner and operator of the club.

Don Flint, forensic chemist, Oklahoma Bureau of Investigation, testified that he chemically analyzed the contents of the vial on March 5, 1970, and found that it contained 23.3% alcohol. He testified that his records show that Agent Blackshere, A. B. C., delivered the vials to the Bureau office. Under cross-examination Flint admitted that he had no personal knowledge concerning the possession of the vial from February 6, 1970, to March 5, 1970. Agent Blackshere did not testify, and the State rested.

Defendant then testified in his own behalf. He admitted owning the Spot Club on February 6, 1970. He testified he was present in the club when Cape and Blackshere came in. Defendant testified that he watched one of his employees mix and serve Mr. Blackshere two drinks. He denied seeing the employee put alcohol in the drinks, and stated he didn't know "where she got the alcohol." Defendant admitted that he was completely aware of the Oklahoma liquor laws. He testified his normal charge for drinks was $0.85 each. Defendant also testified that he did not see either Cape or Blackshere leave the table and go to the bathroom with their drinks.

Raymond Sharp, former Duncan undersheriff, L. W. Corbett, banker, and Tommy Holland, one of defendant's former employees, testified favorably as to defendant's reputation for truth and veracity in the community.

Defendant first asserts that the trial court committed reversible error in admitting into evidence over the objection of defense counsel the sample submitted to the chemist for analysis. In support of his contention defendant argues that the State, through the testimony of Agent Cape and the chemist, failed to establish a clear chain of possession of the sample. However, Agent Cape testified that the drink which he obtained tasted of alcohol and smelled like whiskey. Therefore, the introduction of the sample though properly inadmissible

due to the failure to establish a complete chain of possession was cumulative evidence. This Court has held on many occasions that the admission of evidence which is merely cumulative will not be held reversible error even though the evidence is inadmissible. Young v. State, Okl.Cr., 373 P.2d 273; Allcott v. State, 55 Okl.Cr. 128, 25 P.2d 1112; Copus v. State, 26 Okl. Cr. 366, 224 P. 364. It is further the opinion of this Court that the introduction of said sample into evidence was harmless error in the instant case since excluding said sample from the evidence would not have changed or influenced the jury finding of guilty. Williams v. State, Okl.Cr., 491 P.2d 787. See also O'Quinn v. United States, 411 F.2d 78. Therefore, defendant's first proposition in error is without merit.

■ Defendant next contends that the verdict of the jury and the judgment of the trial court is not sustained by competent evidence. With this contention we obviously do not agree. In Brannin v. State, Okl. Cr., 375 P.2d 276, this Court held that before the State can make a prima facie case concerning the operation of an open saloon, the State must prove the following elements:

"* * * (1) that the accused is the owner or operator of any place where intoxicating liquor is (2) sold or offered for sale, by the drink; or (3) kept for sale for consumption on the premises."

A complete reading of the transcript of the evidence presented by the State in chief reflects that State met its burden of proof. See also Harrell v. State, Okl.Cr., 359 P.2d 610. Therefore, defendant's second proposition in error is without merit.

Defendant next contends that he was denied a speedy trial since more than three years elapsed between the time the charge was filed and the trial. An examination of the record concerning this contention reflects that the information was filed on February 11, 1970, and was originally set for disposition on May 6, 1970. At that time defendant requested and received a continuance. The matter was again passed by agreement on October 12, 1971. The matter was then set by agreement for a nonjury trial on May 16, 1972. Defendant subsequently filed a motion for a jury trial which was sustained, and the matter was ordered set on the fall docket. The record then reflects that the matter was not set on the fall docket although the State announced ready on the calling of the disposition docket for the term and filed a motion reflecting same on October 18, 1972. Defendant made no demand for jury trial. The case, upon the State's motion, was then set for jury trial on the next docket and was so tried.

Defendant in his brief cites no authority for his proposition. The record reflects that defendant failed to show at trial that any of the delays were caused by laches on the part of the State. In fact, defendant failed to raise the issue at all prior to filing his Petition in Error in this Court.

■ This Court has long stated the general rule that a defendant on bail must demand a trial or resist the continuance of the case from time to time, otherwise, the presumption is that the delay was caused by or with the consent of defendant himself. Pitman v. State, Okl.Cr., 487 P.2d 716; Richmond v. Page, Okl.Cr., 432 P.2d 666; and Pickle v. Bliss, Okl.Cr., 418 P.2d 69. In the instant case the record reflects nothing which might rebut the presumption that the delay was caused by or with the consent of defendant himself. Therefore, it is the opinion of this Court that defendant's third proposition is without merit.

■ Defendant's last proposition is that an allegation of fact set out in the prosecutor's answer brief on the Motion for New Trial alleged that there had been only a fourteen (14) day gap in the chain of possession instead of the period reflected by the transcript. Defendant urges that said statement was prejudicial to defendant and constitutes reversible error. With this contention we do not agree. Defense counsel fails to support his contention with either argument or citation of authority. It is apparent defendant has not been deprived

of a fundamental right, and this Court will not search for authority to support such mere assertions. McGee v. State, Okl.Cr., 402 P.2d 921. Therefore, defendant's last contention is wholly without merit.

For the reasons herein stated, we are of the opinion that defendant obtained a fair and impartial trial before a jury and that this case should be, and the same is, therefore, affirmed.

BUSSEY, J., concurs.

BRETT, J., dissents.