594 P.2d 146

The STATE of Idaho, Plaintiff-Respondent,

v.

Juan Martinez GARCIA, Defendant-Appellant.

No. 12668.

Supreme Court of Idaho.

May 2, 1979.

Jeff Stoker, Golden R. Bennett, Twin Falls, for defendant-appellant.

Wayne L. Kidwell, Atty. Gen., Arthur J. Berry, Asst. Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., Boise, for plaintiff-respondent.

COGSWELL, Justice, Pro Tem.

Defendant-appellant Juan Martinez Garcia was found guilty by a jury of one count of second degree murder. The jury verdict of guilty was returned after a trial which lasted seven days in which twenty-four witnesses were examined. Judgment of conviction was entered on the verdict and Garcia was sentenced to a term of life imprisonment. Garcia appeals from the judgment of conviction and sentence alleging that prosecutorial misconduct during trial deprived him of his right to a fair and impartial trial. We affirm.

A brief summary of the facts leading to Garcia's arrest and conviction are as follows:

On November 17, 1976, the City Police of Twin Falls, Idaho, responded to a citizen's call. When they arrived at the residence they knocked upon a closed door. The appellant, Garcia, opened the door and the officers observed that his clothes were covered with blood. There were scratches and blood smears upon his face. His hands were bloody and his left hand held a beer pitcher with money inside.

Miss Katherine Garrison was also observed in the apartment. She was stooped forward, stumbling, and covered with blood. Miss Garrison cried out, "He's killing me, he's killing me, he's trying to kill me." At the time she made this statement she was looking toward Mr. Garcia and the officers. Katherine Garrison subsequently died from her wounds.

Garcia was arrested and bound over to district court to stand trial for first degree murder. A jury returned a verdict on April 6, 1977, finding Garcia guilty of the lesser included offense of second degree murder.

■ Garcia initially complains of nine allegedly prejudicial remarks made by the prosecuting attorney during the course of trial. Garcia contends that during the course of the trial the prosecuting attorney consistently made reference to defense counsel's motives and intentions, which reference had a prejudicial effect on the outcome of the trial. The state contends that of the nine remarks complained of, eight were nothing more than judicially sanctioned explanations to objections where the prosecutor was merely attempting to explain for the court his reasons for objecting to defense counsel's questions. The ninth remark involves a statement contained in a foundational question on redirect examination relating to the witness' inability to give an exact time determination.

The Court has examined the nine remarks attributable to the prosecuting attorney in responding to questions by defense counsel. Such remarks were within the traditional broad scope accorded counsel, were not prejudicial, did not appear to arouse passion or prejudice in the jury and did not constitute error. *State v. Sistrunk*, 98 Idaho 629, 570 P.2d 866 (1977); *State v. Smoot*, 99 Idaho 854, 590 P.2d 1001 (1978).

The primary issue on appeal is whether Garcia was denied a fair trial by virtue of alleged prosecutorial misconduct in closing argument. Garcia points to the following two statements made by the prosecuting attorney in closing argument as supportive of his claim of prosecutorial misconduct:

BY MR. DYKAS: Q. Now after Mr. Garcia has been caught in this rather apparent contradiction, the lie, he didn't have the beer pitcher. . . .

MR. DYKAS: If on the other hand, one of the possible conclusions should appear to you to be reasonable and the other to be unreasonable, it would be your duty to adhere to the reasonable deduction and to reject the unreasonable—*ladies and gentlemen, I don't believe Mr. Garcia's story, too many coincidences, too many slips and slides around the facts.* (Emphasis added.)

We note initially that at no time did defense counsel object to the prosecutor's statements as being prejudicial nor request the trial court to direct the jury to disregard the statements. The first critical question presented then is what effect the lack of objection by defense counsel during trial to the alleged improper remarks has on raising the present issue on appeal.

▮ The better practice in criminal cases is to require counsel to make objections at the earliest opportunity in order that the trial court may correct possible error by an appropriate instruction, or where the statement is sufficiently prejudicial, to declare a mistrial. *See State v. Williams,* 107 Ariz. 262, 485 P.2d 832 (1971); *State v. Boozer,* 80 Ariz. 8, 291 P.2d 786 (1955); *State v. Watson,* 99 Idaho 694, 587 P.2d 835 (1978). Further, it is a long established principle of this Court that, with the limited exception of "fundamental error," error at trial must be properly objected to in order to merit review. *State v. White,* 97 Idaho 708, 551 P.2d 1344, *cert. denied,*

429 U.S. 842, 50 L.Ed.2d 111 (1976). *State v. Wright,* 97 Idaho 229, 542 P.2d 63 (1975).

Although appellant in his brief does not specifically state, it appears it is his position that the prosecutor's statements during closing argument rise to the level of "fundamental error" and therefore are reviewable by this Court notwithstanding the fact no objection was made by defense counsel during trial.

▮ We agree with Garcia to the extent that he asserts that it was error for the prosecutor to express a personal belief or opinion as to the truth or falsity of Garcia's testimony.[1] *See State v. McClain,* 216 Kan. 602, 533 P.2d 1277 (1975); *Williams v. State,* 491 P.2d 787 (Okl.Crim.App.1971). The American Bar Association Standards for Criminal Justice in standards relating to "Prosecution Function" set forth the following guidelines with respect to argument to the jury:

Argument to the jury.

(a) The prosecutor may argue all reasonable inferences from evidence in the record. It is unprofessional conduct for the prosecutor intentionally to misstate the evidence or mislead the jury as to the inferences it may draw.

(b) *It is unprofessional conduct for the prosecutor to express his personal belief or opinion as to the truth or falsity of any testimony or evidence or the guilt of the defendant.* (Emphasis added.)

(c) The prosecutor should not use arguments calculated to inflame the passions or prejudices of the jury.

(d) The prosecutor should refrain from argument which would divert the jury from its duty to decide the case on the evidence, by injecting issues broader than the guilt or innocence of the accused under the controlling law, or by making predictions of the consequences of the jury's verdict.

---

1. A prosecuting attorney may in argument express an opinion as to the truth or falsity of testimony or the guilt of the defendant when such opinion is based upon the evidence. *People v. McGill,* 548 P.2d 600 (Colo.1976); *State v. McKeehan,* 91 Idaho 808, 430 P.2d 886

(1967). However, when such a comment is contemplated the prosecutor should exercise caution to avoid interjecting his personal belief and should explicitly state that the opinion is based solely on inferences from evidence presented at trial.

ABA STANDARDS RELATING TO PROS-ECUTION FUNCTION § 5.8 (Approved Draft, 1971).

■ Statements of personal belief or opinion as to the credibility of a witness are not only improper, they may also rise to the level of unprofessional conduct. The Code of Professional Responsibility approved by this Court in 1971 states in Disciplinary Rule 7–106(C)(4):

C. In appearing in his professional capacity before a tribunal, *a lawyer shall not* . . .

(4) *Assert his personal opinion* as to the justness of a cause, as to the credibility of a witness, as to the culpability of a civil litigant, *or as to the guilt or innocence of an accused* ; but he may argue, *on his analysis of the evidence*, for any position or conclusion with respect to the matters stated herein. (Emphasis added.)

The reason for such a standard is that personal expressions by the prosecutor involve a form of unsworn, unchecked testimony, tend to exploit the influence of the office and undermine the objective detachment which should separate a lawyer from the case which he argues.

It is clear that it was error for the prosecutor to express his personal opinion or belief as to the falsity of Garcia's testimony. The state, however, contends that such error does not rise to the level of prejudicial error in light of the overwhelming evidence presented at trial as to Garcia's guilt.

We stated in *State v. Spencer*, 74 Idaho 173, 184, 258 P.2d 1147, 1154 (1953):

Where the issue of guilt is debatable or it appears from the record that the jurors could have reasonably entertained doubt as to the defendant's guilt and that misconduct of the prosecuting attorney might well have influenced the result, a conviction will be reversed.

In the recent case of *State v. Smoot, supra*, when presented with the issue of whether prosecutorial misconduct in closing argument constituted prejudicial error or harmless error, this Court applied a standard similar to the one utilized in *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967) as follows: "an appellate court must . . . declare a belief, beyond a reasonable doubt, that there was no reasonable possibility that such evidence complained of contributed to the conviction." 590 P.2d at 1007. The purpose of a harmless error rule is to " 'block setting aside convictions for small errors or defects that have little, if any, likelihood of having changed the results of the trial'. " *State v. Smoot, supra* at 1007, *quoting with approval, Chapman v. California*, 386 U.S. 18, 22, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

The instant case presents an appropriate situation for the application of a harmless error rule. We have carefully reviewed the record and find the defendant's guilt overwhelming and conclusive. This Court is of the belief beyond a reasonable doubt that in light of the evidence presented, there is no reasonable possibility that the prosecutorial conduct complained of contributed to the conviction.

Judgment of conviction is affirmed.

SHEPARD, C. J., BAKES and BISTLINE, JJ., and SCHROEDER, J., pro tem., concur.