# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 38273

STATE OF IDAHO, )
                                    )
       Plaintiff-Respondent, )
                                    )
v. )
                                    )
DANIEL E. MARMENTINI, )
                                    )
       Defendant-Appellant. )
_____ )

**2011 Opinion No. 73**

**Filed: December 12, 2011**

**Stephen W. Kenyon, Clerk**

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Boise County. Hon. Patrick H. Owen, District Judge.

Judgment of conviction for felony driving under the influence, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Daniel E. Marmentini was convicted of felony driving under the influence. He asserts that his conviction should be vacated because the prosecutor committed misconduct during closing arguments, violating his due process right to a fair trial. We affirm.

## I.

## BACKGROUND

A law enforcement officer driving behind Marmentini on the highway noticed that Marmentini was swerving within his lane and repeatedly exiting and re-entering the highway. The officer followed Marmentini when he exited the highway a third time. After leaving the highway, Marmentini's vehicle turned around and headed back toward the officer and the highway. As he pulled alongside the officer's vehicle, Marmentini stopped, rolled down his window, and stated that he was looking for Floating Feather Road, a road located in another county. He then stated that he was looking for Harris Creek Drive. The officer smelled alcohol

1

on Marmentini's breath and noticed that his speech was slurred. In response to the officer's questions, Marmentini stated that he had not been drinking, but was slurring his speech because he was nervous. The officer conducted three field sobriety tests, which Marmentini either did not pass or could not complete. The officer then placed Marmentini under arrest for driving under the influence, and conducted two breath tests. The tests measured alcohol concentration levels of 0.224 and 0.225. Marmentini was subsequently charged with driving without privileges (DWP), Idaho Code § 18-8001, and felony driving under the influence (DUI), enhanced because his alcohol concentration measured 0.20 or more, and because he had previously been convicted of driving under the influence with an alcohol concentration exceeding 0.20, I.C. § 18-8004C(2).

At trial, Marmentini presented no evidence. He did, however, extensively cross-examine the law enforcement officer, eliciting testimony regarding (1) the possibility that Marmentini's alcohol concentration levels had risen between the time Marmentini stopped driving and the time he took the breath test, (2) the accuracy and margin of error of the type of breath-test machine used by the law enforcement officer, and (3) the calibration or miscalibration of the specific machine used to test Marmentini's alcohol concentration levels.

During closing arguments, the prosecutor repeatedly used the phrase "I believe" as he expressed his opinion that Marmentini was guilty, described his role and duties as a prosecutor, and characterized the defense arguments. The court sustained three of defense counsel's four objections to these statements, each time admonishing the prosecutor not to refer to his personal beliefs. Defense counsel did not request any specific curative instructions, and none were given. The jury returned a verdict of not guilty on the DWP charge and guilty on the DUI charge.

## II.

## ANALYSIS

Marmentini asserts that four statements made by the prosecutor during closing argument constituted prosecutorial misconduct and violated his right to a fair trial; and that after each of his objections, the district court should have instructed the jury, sua sponte, to disregard the statements.

"Both sides have traditionally been afforded considerable latitude in closing argument to the jury and are entitled to discuss fully, from their respective standpoints, the evidence and the inferences to be drawn therefrom." *State v. Sheahan*, 139 Idaho 267, 280, 77 P.3d 956, 969 (2003). "Considerable latitude, however, has its limits, both in matters expressly stated and

those implied." *State v. Phillips*, 144 Idaho 82, 86, 156 P.3d 583, 587 (Ct. App. 2007). A prosecutor exceeds the scope of this considerable latitude if he or she "attempts to secure a verdict on any factor other than the law as set forth in the jury instructions and the evidence admitted during trial, including reasonable inferences that may be drawn from that evidence." *State v. Perry*, 150 Idaho 209, 227, 245 P.3d 961, 979 (2010). Prosecutorial misconduct followed by a contemporaneous objection is reviewed for harmless error. *Id.*

Here, most of the defendant's objections to the prosecutor's closing argument were sustained. Where a defendant's objection to alleged misconduct is sustained, there is no ruling unfavorable to the defendant for this Court to review or reverse. *State v. Sanchez*, 142 Idaho 309, 317, 127 P.3d 212, 220 (Ct. App. 2005). *See also State v. Olson*, 138 Idaho 438, 442, 64 P.3d 967, 971 (Ct. App. 2003). However, prosecutorial misconduct may so infect the trial with unfairness as to make the resulting conviction a denial of due process even when objections are sustained. *Greer v. Miller*, 483 U.S. 756, 765-66 (1987); *Sanchez*, 142 Idaho at 318, 127 P.3d at 221. To constitute a due process violation, the prosecutorial misconduct must be of sufficient significance to result in the denial of the defendant's right to a fair trial. *Greer*, 483 U.S. at 765; *Sanchez*, 142 Idaho at 318, 127 P.3d at 221. Thus, when prosecutorial misconduct may have resulted in a violation of due process, the trial court's decision to sustain or overrule a contemporaneous defense objection to the prosecutor's comment is not determinative of whether this Court will review the issue. *See Greer*, 483 U.S. at 764-65; *State v. Gamble*, 146 Idaho 331, 344, 193 P.3d 878, 891 (Ct. App. 2008); *Sanchez*, 142 Idaho at 318, 127 P.3d at 221. Instead, "[w]hether the trial court sustains an objection to an impermissible question, or whether the prosecutor is allowed to refer to [impermissible information] in his or her closing arguments, are questions that are relevant to the harmless-error inquiry, or to deciding whether the error made the trial fundamentally unfair." *Greer*, 483 U.S. at 767 (Stevens, J., concurring). "Where a defendant demonstrates that prosecutorial misconduct has occurred, and such misconduct was followed by a contemporaneous objection by defense counsel, such error shall be reviewed for harmless error in accordance with *Chapman* [*v. California*, 386 U.S. 18 (1967)]." *Perry*, 150 Idaho at 227, 245 P.3d at 979. As we stated in *Sanchez*, 142 Idaho at 318, 127 P.3d at 221:

> Our inquiry is, thus, two-tiered. We first determine whether the prosecutorial conduct complained of was improper. *State v. Reynolds*, 120 Idaho 445, 448, 816 P.2d 1002, 1005 (Ct. App. 1991). If we conclude that it was, we

then consider whether such misconduct prejudiced the defendant's right to a fair trial or whether it was harmless. *Id.*

An error is harmless if the reviewing court is able to declare beyond a reasonable doubt that the error did not contribute to the verdict. *Perry*, 150 Idaho at 219-20, 245 P.3d at 971-72. Marmentini alleges four instances of prosecutorial misconduct, each of which was followed by contemporaneous objections from defense counsel.

## A.      Prosecutor's Statements of Personal Belief

During closing arguments, the prosecutor stated, "So ladies and gentlemen of the jury, based on the evidence that's been presented here, I believe this defendant is guilty." The court sustained an objection from defense counsel, and admonished the prosecutor. While the use of disfavored phrases such as "I think" and "I believe" is discouraged, it is misconduct only when the prosecutor attempts to use his official position or his personal knowledge of the case as a means of inducing the jury to vote for conviction. *State v. Phillips*, 144 Idaho 82, 86 n.1, 156 P.3d 583, 587 n.1 (Ct. App. 2007); *State v. Rosencrantz*, 110 Idaho 124, 131, 714 P.2d 93, 100 (Ct. App. 1986). Our Supreme Court has stated that a "prosecuting attorney may express an opinion in argument as to the truth or falsity of testimony or the guilt of the defendant when such opinion is based upon the evidence," but that "when such a comment is contemplated the prosecutor should exercise caution to avoid interjecting his personal belief and should explicitly state that the opinion is based solely on inferences from evidence presented at trial." *State v. Pizzuto*, 119 Idaho 742, 753 n.1, 810 P.2d 680, 691 n.1 (1991), *overruled on other grounds by State v. Card*, 121 Idaho 425, 432, 825 P.2d 1081, 1088 (1991); *State v. Garcia*, 100 Idaho 108, 110 n.1, 594 P.2d 146, 148 n.1 (1979). *See also Sheahan*, 139 Idaho at 280, 77 P.3d at 969; *State v. Porter*, 130 Idaho 772, 786, 948 P.2d 127, 141 (1997). Here, the prosecutor's statement was prefaced by a summarization of the evidence that had been presented at trial, and the qualification that his opinion was "based on the evidence that's been presented here." There is no indication that he was attempting to use his official position or personal knowledge to persuade the jury to convict Marmentini. While the more appropriate course would have been to avoid the statement of opinion, with the disfavored phrases "I think" and "I believe" altogether, his statement did not constitute misconduct.

Next, during the prosecutor's closing rebuttal, the following exchange took place:

> [PROSECUTOR]: I believe the argument that is being made was the BAC reading, though it's not a reading that was taken when the defendant was driving. Think about that.
>
> How could it possibly be--how could you take a reading of somebody driving? It has to occur after the stop. So, again, you saw the care that this county and this sheriff's department goes through to check their instruments, train their people to produce a reliable result when we get to a case like this when it comes before a jury.
>
> I believe we have --
>
> [DEFENSE COUNSEL]: Judge, this is improper bolstering.
>
> THE COURT: Well, again, I just heard the last comment, and the last comment is improper argument for the prosecution to make, interjecting your own personal beliefs, so I will sustain the objection to the closing argument on that and ask that you not refer to your beliefs.

"It is improper . . . for the prosecution to express a personal belief as to the credibility of witnesses, unless the comment is based solely on inferences from evidence presented at trial." *Sheahan*, 139 Idaho at 280, 77 P.3d at 969. In *Perry*, the prosecutor asked a witness whether a child displayed any signs of untruthfulness during her interview, prompting an objection from defense counsel before the witness could answer. *Perry*, 150 Idaho at 230, 245 P.3d at 982. The Court held that the question constituted misconduct, but also held that no error occurred because "defense counsel's timely objection, sustained by the trial court, kept impermissible evidence from the jury." *Id.* Here, defense counsel's objection kept potentially impermissible argument from the jury. Even if the prosecutor was about to state his personal belief as to the reliability of the breath test evidence without basing the opinion solely on inferences from the evidence presented at trial, defense counsel's objection effectively prevented him from doing so. Therefore, the prosecutor's partial statement was not prejudicial error.

## B. References to Prosecutor's Duties

The prosecutor's closing rebuttal also included the following statements and objections:

> [PROSECUTOR]: The prosecutor has two duties. I have a duty to represent the State of Idaho, the people of the State of Idaho to prosecute crimes that I believe have been committed.
>
> [DEFENSE COUNSEL]: Judge, we would object. This is improper argument.
>
> THE COURT: You need to not refer to your belief. Just argue the evidence that was presented to the jury and reasonable inferences that can be drawn from those and application of the jury instructions to that evidence.

5

[PROSECUTOR]: The prosecutor also has another one, and that really is to the defendant. A duty that we have--that he has access to any information in the possession of the prosecutor that would exonerate him or that would assist in his defense.

[DEFENSE COUNSEL]: Judge, we are going to object. I don't know where this is going, but it's improper.

THE COURT: Overruled.

[PROSECUTOR]: The office of the Boise County Prosecuting Attorney has provided all evidence that would assist this defendant in defending himself against these charges.

Unlike the prosecutor's other comments, these references to the prosecutor's duties explicitly invoked the prestige of the office of the prosecutor, drawing upon information other than the applicable law, evidence, and reasonable inferences based thereon. Therefore, we conclude that these statements constitute prosecutorial misconduct.

We are thus required to determine whether this misconduct prejudiced Marmentini's right to a fair trial or whether it was harmless. Marmentini's defense to the driving under the influence charge was that the prosecution had failed to prove that he was driving while intoxicated with an alcohol concentration level measuring at least 0.20. Defense counsel argued both that the breath-test results were inaccurate due to the machine's miscalibration and margin of error, and that Marmentini's alcohol levels were ascending between the time he stopped driving and the time he took the test. Neither of the prosecutor's improper statements would have impacted the type of mathematical or physiological factual determinations defense counsel was asking the jury to make. We also note that the jury returned a verdict of not guilty on the DWP charge, suggesting the jury did not merely rely on the prosecutor's opinion that Marmentini was guilty or draw any negative inferences from the fact that Marmentini did not present any independent exculpatory evidence. Instead, the not guilty verdict suggests the jury made independent factual determinations and held the prosecution to its burden of proof. Finally, although no curative instructions to remedy the prosecutor's misconduct were requested or given, the jury heard the court admonish the prosecutor several times that his expressions of opinion were improper, and the jury was properly instructed before opening and closing statements that arguments and statements made by the lawyer were not evidence.

We perceive no significant possibility that the prosecutor's improper statements could have influenced the jury to decide the case on factors other than the evidence presented at trial. As a result, we are convinced beyond a reasonable doubt that the jury would have reached the

6

same result had the misconduct not occurred.  Accordingly, the prosecutor's improper statements were harmless.

## III.

## CONCLUSION

The prosecutor made two statements that constituted prosecutorial misconduct. However, the error in both instances was harmless.  Therefore, Marmentini's judgment of conviction is affirmed.

Chief Judge GRATTON and Judge GUTIERREZ **CONCUR.**