**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45045**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: September 14, 2018 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| MARGIE LORRAINE MOCABY, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Lynn G. Norton, District Judge.

Judgment of conviction, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Ted S. Tollefson, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Margie Lorraine Mocaby appeals from the judgment of conviction and sentence for trafficking in heroin, possession of methamphetamine with intent to deliver, possession of drug paraphernalia, and a persistent violator enhancement. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

While Mocaby was on parole, parole officers lawfully searched her residence with the assistance of Boise police officers. When officers arrived at the residence, Mocaby and her mother were sitting outside and a male was in the backyard. The officers discovered a small digital scale, a razor blade, and burnt aluminum foil in the living room. In the only occupied bedroom of the residence, the officers found rolls of cash wrapped with rubber bands, unused syringes, one bag containing a black substance, four plastic bags containing a dark brown

1

substance, two bags containing a white crystalized substance, and smaller plastic bags commonly used to distribute drugs.

Officers conducted a field test of the various substances; the black and dark brown substances tested presumptively positive for heroin, and the white crystalized substance tested presumptively positive for methamphetamine. The Idaho State Lab also conducted a test and confirmed that the substances were heroin and methamphetamine, respectively. The State charged Mocaby with trafficking in heroin, Idaho Code § 37-2732B(a)(6); possession of methamphetamine with the intent to deliver, I.C. § 37-2732(a); possession of drug paraphernalia, I.C. § 37-2734A; and a persistent violator enhancement, I.C. § 19-2514.

At trial, a jury found Mocaby guilty on all three charges as well as the persistent violator enhancement. The district court entered a judgment of conviction and imposed a unified thirty-one-year sentence with fifteen years determinate for trafficking in heroin, fifteen years determinate for possession of methamphetamine with intent to deliver, and one year for the possession of drug paraphernalia. The court ordered the sentences to run concurrently. Mocaby timely appeals.

## II.

## ANALYSIS

### A.  Prosecutorial Misconduct and Fundamental Error

Mocaby asserts that the State committed prosecutorial misconduct rising to the level of fundamental error by making certain closing statements that she alleges misrepresented, lowered, and shifted the State's burden of proof thereby violating her right to a fair trial guaranteed by Article I, § 13 of the Idaho Constitution and by the Fifth and Fourteenth Amendments of the United States Constitution. The State asserts Mocaby has failed to show prosecutorial misconduct and to demonstrate all three prongs of the fundamental error analysis. We agree.

While our system of criminal justice is adversarial in nature, and the prosecutor is expected to be diligent and leave no stone unturned, the prosecutor is nevertheless expected and required to be fair. *State v. Field*, 144 Idaho 559, 571, 165 P.3d 273, 285 (2007). However, in reviewing allegations of prosecutorial misconduct we must keep in mind the realities of trial. *Id.* A fair trial is not necessarily a perfect trial. *Id.*

Mocaby made no contemporaneous objection to the prosecutor's statements at trial. In *State v. Perry*, 150 Idaho 209, 245 P.3d 961 (2010), the Idaho Supreme Court clarified the

fundamental error doctrine as it applies to allegations of prosecutorial misconduct. If the alleged misconduct was not followed by a contemporaneous objection, an appellate court should reverse when the defendant persuades the court that the alleged error: (1) violates one or more of the defendant's unwaived constitutional rights; (2) is clear or obvious without the need for reference to any additional information not contained in the appellate record; and (3) affected the outcome of the trial proceedings. *Id.* at 226, 245 P.3d at 978.

### 1. "Do your job" and "return a verdict that speaks the truth"

Mocaby claims the prosecutor committed misconduct during closing argument and violated her right to a fair trial by telling the jurors to "do your job" and to "return a verdict that speaks the truth." The State asserts the prosecutor properly argued that the State had proven, beyond a reasonable doubt, that Mocaby was guilty and further that the prosecutor properly instructed the jury to consider the evidence admitted at trial, deliberate carefully on the evidence, and return a verdict that speaks the truth.

Closing argument serves to sharpen and clarify the issues for resolution by the trier of fact in a criminal case. *State v. Phillips*, 144 Idaho 82, 86, 156 P.3d 583, 587 (Ct. App. 2007). Its purpose is to enlighten the jury and to help the jurors remember and interpret the evidence. *Id.*; *State v. Reynolds*, 120 Idaho 445, 450, 816 P.2d 1002, 1007 (Ct. App. 1991). Both sides have traditionally been afforded considerable latitude in closing argument to the jury and are entitled to discuss fully, from their respective standpoints, the evidence and the inferences to be drawn therefrom. *State v. Sheahan*, 139 Idaho 267, 280, 77 P.3d 956, 969 (2003); *Phillips*, 144 Idaho at 86, 156 P.3d at 587.

Closing argument should not include counsel's personal opinions and beliefs about the credibility of a witness or the guilt or innocence of the accused. *Phillips*, 144 Idaho at 86, 156 P.3d at 587; *see also State v. Garcia*, 100 Idaho 108, 110-11, 594 P.2d 146, 148-49 (1979); *State v. Priest*, 128 Idaho 6, 14, 909 P.2d 624, 632 (Ct. App. 1995); *State v. Ames*, 109 Idaho 373, 376, 707 P.2d 484, 487 (Ct. App. 1985). A prosecuting attorney may express an opinion in argument as to the truth or falsity of testimony or the guilt of the defendant when such opinion is based upon the evidence, but the prosecutor should exercise caution to avoid interjecting his or her personal belief and should explicitly state that the opinion is based solely on inferences from evidence presented at trial. *Phillips*, 144 Idaho at 86 n.1, 156 P.3d at 587 n.1. The safer course

3

is for a prosecutor to avoid the statement of opinion, as well as the disfavored phrases "I think" and "I believe" altogether. *Id.*

Mocaby's argument fails the first prong of the fundamental error analysis. By selectively quoting the prosecutor's closing argument, Mocaby has cherry-picked particular phrases that, when taken out of context, suggest the prosecutor improperly instructed the jury that it was their job to find Mocaby guilty. However, review of the prosecutor's entire statement reveals that the prosecutor did not improperly tell the jury that its job was to find Mocaby guilty or imply that such was the case. In full, the prosecutor stated:

> Ladies and gentlemen, the State has proven beyond a reasonable doubt the defendant is guilty of all of the charges. It's now your turn to do your job as jurors in this case and consider this evidence, to deliberate upon it carefully, and return the verdict that speaks the truth. That is the defendant is guilty of the charges.

The prosecutor did not, as Mocaby suggests, instruct the jury that its job was to find Mocaby guilty. To the contrary, the prosecutor correctly stated that it was the jury's job to consider the evidence, to carefully deliberate upon that evidence, and to return a verdict that speaks the truth. Furthermore, the record reveals that the prosecutor did not misstate the State's burden of proof, but had in fact correctly and repeatedly explained to the jury that the State had the burden to prove each element of the crimes beyond a reasonable doubt. By imploring the jury to return a verdict that speaks the truth, the prosecutor was merely rearticulating the argument he had made numerous times before, that the State had met its burden and proved Mocaby guilty beyond a reasonable doubt. It is not misconduct for the prosecutor to argue that the correct verdict is a guilty verdict.

Moreover, Mocaby failed to establish that her unwaived constitutional right to a fair trial was violated by the prosecutor's statement.

> A defendant's right to a fair trial, under the Fourteenth Amendment of the United States Constitution, is violated where a prosecutor attempts to "have a jury reach its decision on any factor other than the law as set forth in the jury instructions and the evidence admitted during trial, including reasonable inferences that may be drawn from that evidence."

*State v. Adamcik*, 152 Idaho 445, 480, 272 P.3d 417, 452 (2012) (citing *Perry*, 150 Idaho at 227, 245 P.3d at 979). Prosecutorial misconduct during closing arguments will constitute fundamental error only if the comments were so egregious or inflammatory that any consequent prejudice could not have been remedied by a ruling from the trial court informing the jury that

4

the comments should be disregarded. *State v. Abdullah*, 158 Idaho 386, 444, 348 P.3d 1, 59 (2015). The statement at issue here was neither egregious nor inflammatory. To the contrary, the prosecutor correctly explained the State's burden of proof to the jury and then explained to the jury that its job was to consider the evidence admitted at trial, to carefully deliberate upon that evidence, and to return a verdict. The prosecutor's statement was in accordance with the law as set forth in the jury instructions. Thus, this statement did not violate Mocaby's constitutional right to a fair trial.

### 2. "Who else?"

Mocaby argues the prosecutor committed misconduct during closing argument by stating, "[the defense wants] you to assume that all of this stuff in the house must have come from somewhere else. It's not Margie Mocaby's. We don't know who . . . . Who else are we going to pin it on? . . . Who else is there?" The prosecutor also stated, "[A]nd there's really nothing in that room where all of the evidence--where that heroin right there below the purse was found that suggests that purse belongs to anybody else other than the defendant, Margie Mocaby." According to Mocaby, these statements suggest she should have testified in order to place guilt on another person thereby indirectly commenting on her failure to testify at trial in violation of her Fifth Amendment right against self-incrimination. Mocaby also argues this statement impermissibly shifted the State's burden to the defense by requiring the defense to produce evidence that the items found in the residence belonged to someone other than Mocaby.

According to the State, the prosecutor did not commit misconduct when he argued that the evidence supported a conclusion that Mocaby possessed the drugs but did not support the defense's theory that there were other persons who could have possessed the drugs. We agree.

A prosecutor may rebut defense counsel's arguments and defenses. *State v. McMurry*, 143 Idaho 312, 315, 143 P.3d 400, 403 (Ct. App. 2006). "In so doing, 'the line between a legitimate rebuttal of the defense arguments and an indirect comment on the fact that the defendant has not taken the stand is often a very thin one.'" *Id.* Nevertheless, it is not misconduct for the State, in rebuttal, to address arguments presented by the defense by discussing uncontroverted evidence admitted at trial. *Id.* at 314-15, 143 P.3d at 402-03.

Mocaby argued during both opening statement and closing argument that the drugs discovered at her residence could have belonged to a third party, but that the officers had merely

assumed the drugs belonged to her without investigating any possible third parties to whom the drugs may have belonged. During the State's rebuttal, the prosecutor stated:

> But [the defense] want[s] you to assume that all of this stuff in the house must have come from somewhere else. It's not Margie Mocaby's. We don't know who. They want you to assume it's somebody else, notwithstanding all of the evidence that points to the fact that it's hers.

The prosecutor further argued that the evidence did not support the defense's argument that a third party was responsible for the drugs and other items found in Mocaby's residence:

> So there's nothing in the evidence to lead you to the conclusion that somehow this evidence just mysteriously got dropped in the room or . . . that [a third party] happened to leave his scale and his numerous baggies and his four bags of powder heroin and a bag of tar heroin, two bags of methamphetamine and $3,440 in the bedroom, and that somehow this ITD document got brought into the bedroom. You have no evidence to suggest that that is the case.
> So everything that you have points to this stuff being in the bedroom. Who else are we going to pin it on[?] Mom? She doesn't recognize that stuff. She said that's not my purse. And it's certainly not reasonable for you to be sitting here and thinking that the defendant is blaming her mother and saying, no, that's actually her stuff.
> Who else is there? You draw the inference, look at the evidence and come to the conclusion, this is Margie Mocaby's.

Here, the prosecutor's statements do not amount to misconduct. The prosecutor merely rebutted the defense's theory by arguing that the evidence presented at trial did not support the conclusion that an unnamed third party was responsible for the drugs discovered in the only occupied room of Mocaby's residence. Arguing that the admitted evidence did not support the defense theory is not misconduct. *See Abdullah*, 158 Idaho at 445, 348 P.3d at 60 (concluding that the prosecutor's argument "highlighted to the jury that the defense presented no alternative explanation"). Additionally, these statements neither directly nor indirectly implicate Mocaby's failure to testify nor do they impermissibly suggest that she should have testified in order to place guilt on other persons and disprove the State's theory. Thus, the prosecutor's rebuttal argument did not violate Mocaby's right to a fair trial and does not rise to the level of fundamental error.

### 3. "Corinna Owsley confirms . . . your conclusion that that's heroin"

Mocaby argues that the State improperly removed the jury's need to make any determination regarding whether the substances found were, in fact, heroin by stating, "Corinna Owsley confirms . . . beyond a reasonable doubt, your conclusion that that's heroin." The State

argues the prosecutor did not commit misconduct, but properly argued that the State had proven its case beyond a reasonable doubt and the jury should find Mocaby guilty.

In regard to the substances discovered in the search of Mocaby's residence, the prosecutor made the following statement during closing argument:

> Finally, this one's proven beyond a reasonable doubt: There's those four packages. There's three baggies and then the bindle that Detective Montoya testified about . . . .
> . . . .
> He tests first, individually, each of those packages and determines presumptively, yeah, this is heroin. And then he sends that to the state lab. And, in fact, Corinna Owsley confirms, presumptively at first, and then confirms, beyond a reasonable doubt, your conclusion that that's heroin.
> . . . .
> And so you know beyond a reasonable doubt that Margie Lorraine Mocaby on or about April 21st, 2016, in the state of Idaho, knowingly possessed in excess, in fact, at least what was in excess of 28 grams of heroin and she knew it.

This argument is not misconduct and does not violate Mocaby's constitutional rights. The prosecutor was not attempting to have the jury reach its decision on any factor other than the law as set forth in the jury instructions and the evidence admitted during trial. To the contrary, the prosecutor relied on evidence admitted at trial as well as trial testimony to argue that the substances discovered by the officers were proven beyond a reasonable doubt to be heroin. It is not misconduct for the prosecutor to argue that the State has met its burden based on evidence admitted at trial. Accordingly, these statements do not rise to the level of fundamental error.

### 4. Error not clear or obvious from the record

Mocaby argues the prosecutorial misconduct is plain on its face and there is no reason to believe that her counsel was sandbagging the district court by failing to object to these comments because there is no strategic advantage to be gained by failing to object to the prosecutor's statements. The State argues that there is no clear or obvious error from the record.

Even if this Court were to conclude that the prosecutor engaged in misconduct that violated Mocaby's constitutional right to a fair trial, errors based on the statements discussed in the preceding sections are not clear or obvious from the record as required by the second prong of *Perry*. Rather, the record reveals that the prosecutor (1) explained to the jury that its job was to consider and deliberate upon the evidence, (2) argued that the evidence did not support the defense's theory that the drugs belonged to someone other than Mocaby, and (3) relied on

witness testimony to argue that the State had proved the substances discovered by the officers were heroin beyond a reasonable doubt. None of these asserted errors are clear or obvious on the record before this Court. This is particularly true in the context of closing argument where there may well be a host of strategic reasons not to object. The conclusory argument that there would be no strategic advantage to not object, and no reason to believe defendant was sandbagging, is insufficient to satisfy the second prong of *Perry*.

### 5. Error harmless

Mocaby argues there is a reasonable possibility that prosecutorial misconduct affected the outcome of her trial because the prosecutor's statements influenced the jury and misstated, lowered, or shifted the State's burden of proof. The State argues the alleged errors did not affect the outcome of the trial because substantial and uncontradicted evidence establishing that the substances were heroin and methamphetamine, and thus strongly supported the jury verdicts.

Mocaby has failed to show that any of the alleged errors affected the outcome of the proceedings as required by *Perry*'s third prong. The record shows that the prosecutor did not misstate, lower, or shift the State's burden to prove the charges beyond a reasonable doubt. In fact, the record reveals that the prosecutor repeatedly and correctly explained to the jury that the State had the burden of proving each element of the crimes beyond a reasonable doubt. The prosecutor also properly implored the jury to consider all of the evidence before asking the jury to find Mocaby guilty beyond a reasonable doubt. The evidence admitted at trial shows that the drugs were discovered on the bed in Mocaby's bedroom. The prosecutor did not attempt to secure a verdict on any factor other than the evidence admitted at trial and the law as set forth in the jury instructions. Accordingly, the prosecutor's statements even if error, were harmless.

### B. Sentencing Discretion

Mocaby also asserts the district court abused its discretion when it imposed a unified thirty-one-year sentence with fifteen years determinate upon her conviction for trafficking in heroin. Mocaby argues that the indeterminate sixteen-year portion of her sentence is excessive in light of mitigating factors present in this case. Mocaby suggests that the district court would have imposed a less severe sentence if it had properly considered her long struggle with addiction and substance abuse, familial support, lack of schooling, learning disability, and diagnoses of bipolar disorder and ADHD.

The State argues the district court did not abuse its discretion when it imposed the mandatory minimum sentence to be followed by a sixteen-year indeterminate sentence.

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and, thus, a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Mocaby has failed to show that the district court abused its discretion. Mocaby's trial counsel did not argue that her familial support, lack of schooling, learning disability, or diagnoses of bipolar disorder and ADHD were mitigating factors at sentencing. Nevertheless, the district court stated that it had reviewed Mocaby's prior PSIs and a rider review report, which included the relevant information regarding these mitigating factors. Insofar as Mocaby argues that the district court imposed an excessive sentence in light of these mitigating factors, she has failed to show an abuse of discretion because before imposing Mocaby's sentence the district court reviewed these factors to the extent they are contained in the PSI.

Moreover, the sentence was reasonable given the nature of the offense, Mocaby's criminal history, and the need to protect the public interest. At sentencing, the district court stated that it had considered the goals of sentencing, including the protection of society, deterrence of crime, rehabilitation, and the necessity for punishment when it fashioned the

9

indeterminate portion of Mocaby's sentence.[1]  Although Mocaby declined to participate in the presentence process in this case, defense counsel conceded at sentencing that Mocaby is a drug addict and that her criminal history is "all drug-related," including a prior conviction for delivery of a controlled substance.  Furthermore, based on the severity of Mocaby's crimes in this case--e.g., trafficking in over twenty-eight grams of heroin, possession of methamphetamine with intent to deliver--and the persistent violator enhancement, the court could have imposed a life sentence.  Accordingly, the district court did not abuse its discretion by imposing the sixteen-year indeterminate portion of Mocaby's sentence.

## III.

## CONCLUSION

The prosecutor's statements do not rise to the level of fundamental error.  The district court did not abuse its discretion when it imposed a unified thirty-one-year sentence with sixteen years indeterminate.  Therefore, we affirm Mocaby's judgment of conviction and sentence for trafficking in heroin, possession of methamphetamine with intent to deliver, possession of drug paraphernalia, and a persistent violator enhancement.

Judge HUSKEY and Judge LORELLO **CONCUR**.

---

[1]     The district court stated:

> I've considered the factors that I'm required to consider in every case, and that includes the protection of society, deterrence of crime, the rehabilitation of the offender as well as punishment.  The mandatory minimums in this case drives much of the determination; however, the court still considers those factors in considering any indeterminate time and what is appropriate in this particular case.