707 P.2d 484

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Roger L. AMES, Defendant-Appellant.**

**Nos. 15574, CA–190.**

Court of Appeals of Idaho.

Oct. 1, 1985.

374

Randall D. Schulthies, Pocatello, Dennis L. Cain of Beer & Cain, Boise, Thomas P. Melloy, argued, of Watkiss & Campbell, Salt Lake City, for appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for respondent.

WALTERS, Chief Judge.

Following trial by jury, Roger Ames was found guilty of assault with intent to commit a serious felony, I.C. § 18–909. He appeals, raising three issues. First, he contends his due process right to a fair trial was violated because the police failed to secure and preserve potentially exculpatory fingerprint evidence. Second, Ames argues his due process right was violated by placement of his prior arrest records in the court file as an attachment to an affidavit for the purpose of securing a warrant for his arrest. Third, he asserts the prosecuting attorney created reversible error by expressing his personal belief of Ames' guilt during closing argument to the jury. We affirm.

Roger Ames was arrested for allegedly assaulting an elderly woman early one morning, with the intent to commit a sexual act and murder. The assault purportedly took place in the victim's home, an apartment leased from Ames' mother. The victim was acquainted with Ames and, in reporting the incident to the police, she identified Ames as her assailant. She testified at trial that Ames had held a knife to her throat and had threatened to kill her if she did not perform fellatio on him. She testified that when she resisted and refused to engage in the requested sexual act, Ames hit her twice on the head, threatened again to kill her if she called the police, and exited her apartment. The knife allegedly used by the assailant was left in the victim's apartment. Ames denied that he was the assailant, denied that he had ever assaulted the victim, and presented alibi evidence to show he could not have been the assailant at the victim's home at the time the incident was claimed to have occurred. The jury found Ames guilty of the assault.

## I

Ames first asserts that he was deprived of due process because the police failed to secure and preserve potentially exculpatory fingerprint evidence from the knife allegedly used in the assault and from a water glass allegedly handled by the assailant during the assault on the victim. The knife, but not the water glass, was taken into custody by the police when they responded to the victim's call after the assault.

The record before us shows that the police were aware at the outset that the knife should be tested for fingerprints. Handling the knife by its blade, the police placed the knife in a plastic bag and deposited the bag in their evidence locker. The bag containing the knife was later removed from the locker and submitted as evidence at Ames' preliminary hearing. Several months later, immediately before trial, the knife was released to the police by the district court to be tested for fingerprints. Never at any time did Ames request or demand that the police conduct any test on the knife. When the fingerprint tests were finally run no discernible prints were found. At trial the investigating officer admitted it was "possible" the plastic covering could have "smudged" or "wiped off" any fingerprints on the knife. The officers also testified that no other items of potential evidence, such as the water glass, were pointed out to them or taken into their custody when they investigated the scene of the crime and interviewed the victim.

We cannot fault the state in respect to not obtaining any fingerprints from the water glass. The record before us fails to show that the police were even aware of any evidentiary value concerning that item. While the state has a duty to use earnest efforts to preserve evidence for possible use by a defendant, the state does not have a general duty to gather evidence for the accused. *State v. Sena*, 106 Idaho 25, 674 P.2d 454 (Ct.App.1983); *State v. Wells*, 103 Idaho 137, 645 P.2d 371 (Ct.App.1982).

Nor do we find any error in regard to the police's handling of the knife. In the face of a very skeletal record we are asked to decide whether the officers' conduct—in placing the knife in a plastic bag and, at a later time, conducting tests for fingerprints—was reasonable or whether there was a disregard for the accused's right to a fair trial. *See State v. Leatherwood*, 104 Idaho 100, 656 P.2d 760 (Ct.App.1982).

The record before us provides no factual and authoritative basis to hold that use of a plastic container is a violation, per se, of well-established police standards. The record fails to show the officers' handling of the knife was other than in good faith and in accord with their normal practices. It does not show the officers failed to secure or preserve fingerprint evidence in a calculated effort to circumvent the requirement of disclosure of apparent exculpatory evidence. It fails, in short, to show the officers acted in disregard of Ames' right to a fair trial. We conclude that Ames' due process right to a fair trial was not violated.

## II

The next issue raised by Ames concerns the inclusion in the trial court's file of Ames' prior criminal record. This record was attached to an application for the issuance of an arrest warrant. Ames argues that placing this information in the court's file at the outset was prosecutorial misconduct. He asserts that inclusion of this information could have contaminated his right to a fair trial.

We need not decide whether including such information in the court file, at the outset of the case, is an appropriate practice. To demonstrate reversible error, prejudice must be shown. Ames candidly discloses he has found no authority to show that this conduct is clearly or even demonstrably prejudicial. Nor have we located any such authority. Ames also candidly "does not claim that the presiding magistrate at the preliminary hearing or the district judge who presided at trial were actually motivated by bias or prejudice as a result of the inclusion of these materials." Furthermore, the record does not contain any motion or request by Ames to exclude or excise the objectionable material from the court's file, nor to disqualify or recuse any judge who may have reviewed the file. The material was not made available to the jury during Ames' trial. There is no showing that including the material in the file impinged in any way upon Ames' rights. We hold that Ames has not established reversible error on this issue.

## III

Ames' final issue on appeal concerns two statements made by the prosecutor in his closing argument to the jury. In his opening summation, the prosecutor said: "Don't be afraid to look at Roger Ames and say, 'You're guilty.' Because he is." After the closing argument of defense counsel, the prosecutor again told the jury "[a]nd don't be afraid to make the statement and tell Roger that he's guilty. Because he is." Ames' counsel did not raise any objection to either of these statements.

Our Supreme Court has held that it is error for a prosecutor to express, to the jury, a personal belief or opinion as to the guilt of the accused. *State v. Garcia,* 100 Idaho 108, 594 P.2d 146 (1979). However, in order to review such an alleged error on appeal, either there must have been an objection made by the defense when the prosecutor's comments were made, or the comments must have been so egregious or inflammatory that any prejudice arising therefrom could not have been remedied by a ruling from the trial court informing the jury that the comments should be disregarded. *See generally* Annot., 88 A.L.R.3d 449, 501–11 (1978); Annot., 41 A.L.R. Fed. 10, 84–96 (1979).

While we do not approve of the prosecutor's comments in this case, we believe that the harm, if any, could have been cured or obviated by an admonition from the court in response to a timely objection. We hold the error was not "fundamental" and was not preserved for review on appeal, due to lack of objection by Ames.

The judgment of conviction is affirmed.

BURNETT and SWANSTROM, JJ., concur.