IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 36145

| STATE OF IDAHO, | ) | 2010 Unpublished Opinion No. 715 |
|---|---|---|
| | ) | |
| Plaintiff-Respondent, | ) | Filed: November 22, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| SEAN M. COOK, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Lansing L. Haynes, District Judge.

Judgment of conviction and unified sentence of twenty years, with a minimum period of confinement of ten years, for rape, affirmed.

Molly J. Huskey, State Appellate Public Defender; Heather M. Carlson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Rebekah A. Cudé, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Sean M. Cook appeals from his judgment of conviction and unified sentence of twenty years, with a minimum period of confinement of ten years, for rape. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

Cook encountered a former roommate, D.W., at a liquor store. D.W. was staying at a local motel while her boyfriend was out of town. The two made arrangements to meet at D.W.'s motel room later that night to hang out and catch up on their lives. That evening, Cook and D.W. went to a bar to play pool and had some drinks. After some time, they returned to her motel room and sat on her bed to talk. During the course of their conversation, Cook made a sexual advance which D.W. rejected. D.W. then sought to get up off the bed, but was pulled back by Cook. Despite numerous protestations and physical resistance by D.W., Cook

1

proceeded to forcibly remove some of her clothing and engage in sexual intercourse with her. After the assault, D.W. called two friends of her boyfriend to come get her at the motel room. When the two friends arrived, D.W. was sitting somberly in the room with Cook. After a brief conversation, Cook left and the police were called after D.W. revealed to the two friends that Cook had sexually assaulted her.

Cook was charged with rape, I.C. § 18-6101, and was found guilty after a jury trial. The district court sentenced Cook to a unified term of thirty years, with a minimum period of confinement of ten years. Upon granting Cook's I.C.R. 35 motion, the district court reduced Cook's sentence to a unified term of twenty years, with a minimum period of confinement of ten years. Cook appeals.

## II.

## ANALYSIS

### A.     Prosecutorial Misconduct

Cook first argues that the prosecutor committed misconduct during closing argument by impermissibly vouching for the state's witnesses. Cook made no contemporaneous objection at trial. While our system of criminal justice is adversarial in nature, and the prosecutor is expected to be diligent and leave no stone unturned, he or she is nevertheless expected and required to be fair. *State v. Field*, 144 Idaho 559, 571, 165 P.3d 273, 285 (2007). However, in reviewing allegations of prosecutorial misconduct we must keep in mind the realities of trial. *Id.* A fair trial is not necessarily a perfect trial. *Id.*

When there is no contemporaneous objection, a conviction will be reversed for prosecutorial misconduct only if the conduct is sufficiently egregious so as to result in fundamental error. *Id.* Under a recent Idaho Supreme Court opinion, in order to demonstrate fundamental error when there is no contemporaneous objection, an appellant bears the burden of proving that the alleged error: (1) violates a constitutional right that had not been waived; (2) plainly exists; and (3) was not harmless. *State v. Perry*, ___ Idaho ___, ___, ___ P.3d ___, ___ (2010) (reh'g pending). If the appellant satisfies each of these prongs, the appellate court shall vacate and remand. *Id.* Under prior law, when there was no contemporaneous objection, appellate courts engaged in a three-part analysis, determining: (1) whether misconduct occurred; (2) whether the alleged misconduct rose to the level of fundamental error; and (3) whether the misconduct was harmless. *Id.* (citing *Field*, 144 Idaho at 571, 165 P.3d at 285).

2

Closing argument serves to sharpen and clarify the issues for resolution by the trier of fact in a criminal case. *State v. Phillips*, 144 Idaho 82, 86, 156 P.3d 583, 587 (Ct. App. 2007). Its purpose is to enlighten the jury and to help the jurors remember and interpret the evidence. *Id.*; *State v. Reynolds*, 120 Idaho 445, 450, 816 P.2d 1002, 1007 (Ct. App. 1991). Both sides have traditionally been afforded considerable latitude in closing argument to the jury and are entitled to discuss fully, from their respective standpoints, the evidence and the inferences to be drawn therefrom. *State v. Sheahan*, 139 Idaho 267, 280, 77 P.3d 956, 969 (2003); *Phillips*, 144 Idaho at 86, 156 P.3d at 587.

Closing argument should not include counsel's personal opinions and beliefs about the credibility of a witness or the guilt or innocence of the accused. *Phillips*, 144 Idaho at 86, 156 P.3d at 587. *See also State v. Garcia*, 100 Idaho 108, 110-11, 594 P.2d 146, 148-49 (1979); *State v. Priest*, 128 Idaho 6, 14, 909 P.2d 624, 632 (Ct. App. 1995); *State v. Ames*, 109 Idaho 373, 376, 707 P.2d 484, 487 (Ct. App. 1985). A prosecuting attorney may express an opinion in argument as to the truth or falsity of testimony or the guilt of the defendant when such opinion is based upon the evidence, but the prosecutor should exercise caution to avoid interjecting his or her personal belief and should explicitly state that the opinion is based solely on inferences from evidence presented at trial. *Phillips*, 144 Idaho at 86 n.1, 156 P.3d at 587 n.1. The safer course is for a prosecutor to avoid the statement of opinion, as well as the disfavored phrases "I think" and "I believe" altogether. *Id.*

Appeals to emotion, passion, or prejudice of the jury through the use of inflammatory tactics are impermissible. *Phillips*, 144 Idaho at 87, 156 P.3d at 588. *See also State v. Raudebaugh*, 124 Idaho 758, 769, 864 P.2d 596, 607 (1993); *State v. Pecor*, 132 Idaho 359, 367, 972 P.2d 737, 745 (Ct. App. 1998). The prosecutor's closing argument should not include disparaging comments about opposing counsel. *Phillips*, 144 Idaho at 86, 156 P.3d at 587. *See also Sheahan*, 139 Idaho at 280, 77 P.3d at 969; *State v. Brown*, 131 Idaho 61, 69, 951 P.2d 1288, 1296 (Ct. App. 1998); *State v. Baruth*, 107 Idaho 651, 657, 691 P.2d 1266, 1272 (Ct. App. 1984).

In this case, Cook's defense at trial was that D.W. made sexual advances toward him and that the resulting sexual intercourse was consensual. During closing argument, the prosecutor argued:

When you're looking at your evidence, you can already consider the motives of the different witnesses. I submit that the State's witnesses have no motive here but the truth. [Cook], however, has a different motive altogether. He's facing a serious criminal charge here.

[Cook] has had several weeks to look at what he did and think about how he was going to tell . . . what had happened. He's had several months to think about how he's going to tell you about what had happened and put himself in the best light. . . .

[A cellmate of Cook's] testified. He told you he was telling you the truth. He felt that this was the right thing to do. He knew he was going to prison. He's already in prison. He knew before that he was going to prison. Back when he testified back at the preliminary hearing, he knew he was going to prison. He was in custody, and he wasn't going anywhere. His only request was--after [Cook] made this threat to him about his family, his only concern was that he be put in another jail beside this [one] so he could protect his family, because when his family came to visit, he didn't want anybody . . . harming them as [Cook] had threatened. That was his only request. His wife has been a victim of rape. Her daughter has been a victim of rape. And she could sympathize with this girl, the victim of [Cook]. He knows what treatment prisoners get when they rat out other prisoners. . . .

[D.W.], you can recall her demeanor. She was sober that night. This was not a drunken mistake. Her boyfriend and her were together at the time. In fact, he had rented a room for her to stay with her dog for several days. They were on good terms. Sure, they had some disagreements from time to time, but that happens. She might have even complained to [Cook] about that. She doesn't recall. That's not something significant that sticks out in her mind. She has no motive to come in here and make up a story about [Cook]. There's no motive that you can see that she would have to do that. And if she's lying, why would she call [the two friends of her boyfriend] and sabotage her relationship with her boyfriend if she's having consensual sex with this person? What would she accomplish by making any of this up?

And you also can consider whether or not she seemed to be a person that's cunning enough to plant sperm on her panties and jeans knowing they're going to be tested by the laboratory, and that she's cunning enough to have injured herself and be able to say exactly how they were caused. [The two friends of her boyfriend] haven't given you any reason to believe that they're being dishonest. They left a job site at the end of their work, but still they left the job site and they came to her aid. Her voice convinced them that something was wrong. And they've come into court to tell you what they observed. They have no motivation to lie. They have no reason to make up a story against [Cook].

In voir dire we discussed the question of whether you would look at the evidence and not at the suaveness of [Cook] and the likability of [Cook]. And your promise was to look at the evidence. Look at the evidence, look at the forensic reports. Look at the demeanor of the witnesses, look at [D.W.]'s demeanor. In looking at this evidence and not whether you like somebody or

4

dislike somebody, you should come to the same conclusion, all of you, that [Cook] is guilty of rape. Thank you.

Cook contends that the prosecutor impermissibly vouched for the state's witnesses. However, the prosecutor did not set forth an opinion as the truth or falsity of the witnesses' testimony. Rather, the prosecutor urged the jury to come to its own reasonable inferences as to the veracity of the state's witnesses based on the evidence and testimony that was presented at trial. Furthermore, Cook's defense theory was best summarized by his trial counsel during his closing argument when he argued that the actions of D.W. and the two friends spoke louder than their words offered during their testimony at trial. Cook's trial counsel alluded to some testimony at trial that, he argued, was illogical and inconsistent with the version of events presented by the state's witnesses. The prosecutor's argument regarding the motivation of the state's witnesses and that the evidence supported the version of events to which they testified was not improper. Therefore, Cook has not shown that prosecutorial misconduct occurred. Therefore, whether we apply the recent ruling in *Perry* or prior case law, we conclude that no error occurred.

## B.     Sentence Review

Cook also asserts that his unified sentence of twenty years, with a minimum period of confinement of ten years, for rape is excessive. Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

## III.

## CONCLUSION

The prosecutor's closing argument did not impermissibly vouch for the state's witnesses. Therefore, the prosecutor did not commit misconduct and Cook has failed to show the violation of a constitutional right. Thus, Cook has failed to meet his burden of proving fundamental error.

Additionally, Cook's sentence is not excessive.  Accordingly, Cook's judgment of conviction and sentence for rape are affirmed.

Judge GUTIERREZ and Judge GRATTON, **CONCUR.**