**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38479**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 657 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: October 3, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| LARRY DEAN CORWIN, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cheri C. Copsey, District Judge.

Judgment of conviction and unified sentence of thirty years, with five years determinate, for felony driving under the influence, with enhancement, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Sarah E. Tompkins, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Larry Dean Corwin appeals from his judgment of conviction for felony driving under the influence, and the district court's finding that he was a persistent violator. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Police stopped Corwin on suspicion of driving under the influence. Corwin performed three field sobriety tests, failing each one. He was arrested and later submitted to a breath test, which showed a blood alcohol content of .083 and .085. Following a trial, Corwin was convicted of felony DUI, Idaho Code §§ 18-8004, 18-8005(5) and found to be a persistent violator, I.C. § 19-2514. The district court imposed a unified sentence of thirty years with ten years determinate, later reduced to five years determinate pursuant to Idaho Criminal Rule 35. Corwin timely appeals.

1

## II.

## ANALYSIS

Corwin claims the prosecutor committed misconduct during his rebuttal to defense counsel's closing statement. The State contends that Corwin failed to establish error, much less fundamental error.

Closing argument serves to sharpen and clarify the issues for resolution by the trier of fact in a criminal case. *State v. Phillips*, 144 Idaho 82, 86, 156 P.3d 583, 587 (Ct. App. 2007). Its purpose is to enlighten the jury and to help the jurors remember and interpret the evidence. *Id.*; *State v. Reynolds*, 120 Idaho 445, 450, 816 P.2d 1002, 1007 (Ct. App. 1991). Both sides have traditionally been afforded considerable latitude in closing argument to the jury and are entitled to discuss fully, from their respective standpoints, the evidence and the inferences to be drawn therefrom. *State v. Sheahan*, 139 Idaho 267, 280, 77 P.3d 956, 969 (2003); *Phillips*, 144 Idaho at 86, 156 P.3d at 587.

Closing argument should not include counsel's personal opinions and beliefs about the credibility of a witness or the guilt or innocence of the accused. *Phillips*, 144 Idaho at 86, 156 P.3d at 587. *See also State v. Garcia*, 100 Idaho 108, 110-11, 594 P.2d 146, 148-49 (1979); *State v. Priest*, 128 Idaho 6, 14, 909 P.2d 624, 632 (Ct. App. 1995); *State v. Ames*, 109 Idaho 373, 376, 707 P.2d 484, 487 (Ct. App. 1985). A prosecuting attorney may express an opinion in argument as to the truth or falsity of testimony or the guilt of the defendant when such opinion is based upon the evidence, but the prosecutor should exercise caution to avoid interjecting his or her personal belief and should explicitly state that the opinion is based solely on inferences from evidence presented at trial. *Phillips*, 144 Idaho at 86 n.1, 156 P.3d at 587 n.1. The safer course is for a prosecutor to avoid the statement of opinion, as well as the disfavored phrases "I think" and "I believe" altogether. *Id.*

Appeals to emotion, passion, or prejudice of the jury through the use of inflammatory tactics are impermissible. *Phillips*, 144 Idaho at 87, 156 P.3d at 588. *See also State v. Raudebaugh*, 124 Idaho 758, 769, 864 P.2d 596, 607 (1993); *State v. Pecor*, 132 Idaho 359, 367, 972 P.2d 737, 745 (Ct. App. 1998). The prosecutor's closing argument should not include disparaging comments about opposing counsel. *Phillips*, 144 Idaho at 86, 156 P.3d at 587. *See also Sheahan*, 139 Idaho at 280, 77 P.3d at 969; *State v. Brown*, 131 Idaho 61, 69, 951 P.2d 1288, 1296 (Ct. App. 1998); *State v. Baruth*, 107 Idaho 651, 657, 691 P.2d 1266, 1272 (Ct. App.

1984).  Corwin did not object to the alleged misconduct at trial; therefore, he asserts fundamental error in order to obtain appellate review.

Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992).  Idaho decisional law, however, has long allowed appellate courts to consider a claim of error to which no objection was made below if the issue presented rises to the level of fundamental error.  *See State v. Field*, 144 Idaho 559, 571, 165 P.3d 273, 285 (2007); *State v. Haggard*, 94 Idaho 249, 251, 486 P.2d 260, 262 (1971).  In *State v. Perry*, 150 Idaho 209, 245 P.3d 961 (2010), the Idaho Supreme Court abandoned the definitions it had previously utilized to describe what may constitute fundamental error.  The *Perry* Court held that an appellate court should reverse an unobjected-to error when the defendant persuades the court that the alleged error:  (1) violates one or more of the defendant's unwaived constitutional rights; (2) the error is clear or obvious without the need for reference to any additional information not contained in the appellate record; and (3) the error affected the outcome of the trial proceedings.  *Id.* at 226, 245 P.3d at 978.

The first element of a claim of fundamental error is that the error is constitutional. Corwin claims that the prosecutor's rebuttal violated his right to due process and to a jury determination on the facts.  Defense counsel made the following statement during closing:

> Other examples of the human element, the state's already alluded to some of them.  During the walk and turn test, for instance, the whole issue is did Mr. Corwin step off the line?  And, if so, how far, et cetera, but, of course, there wasn't any line.  That's a really good example of the human element because it's entirely possible that Mr. Corwin was walking straight from his perspective, but not walking straight from the officer's perspective and there's just absolutely no way to determine who's right and who's wrong in that situation.

In response to this statement made by defense counsel, the prosecutor made this statement in rebuttal:

> [Defense counsel] said--I think I wrote this down right--Mr. Corwin was walking straight from his perspective, but not from the officer's perspective. Even with all of the evidence in this case, I'm glad that we're looking at this from the officer's perspective.  From Mr. Corwin's perspective, if that was a straight line, then we're all in trouble because he had to--when he fell off line, which is exactly what we're talking about at that point, when he stepped off line by a foot, he did so to stop himself from falling over.  So the line from his point of view was crooked and careening down onto the ground.  That's--that's not the type of line we want a driver to follow.

Corwin claims that this rebuttal statement violated his right to due process and to a jury determination on the facts by: (1) mischaracterizing his argument; (2) impermissibly appealing to the passion and prejudice of the jurors; and (3) impliedly arguing that the jury was required to defer to the officer's perspective. As to the first point, Corwin alleges that the prosecutor's statement mischaracterized his argument by implying that Corwin argued that the jurors were required to defer to his perspective, rather than the officer's. The State claims that the statement was an express rejection of Corwin's claim that the jury was precluded from determining whose perspective was correct. As to the second point, Corwin claims that the phrase, "we're all in trouble," was intended to play on the fears of the jurors if they were to acquit him. The State asserts that the phrase was a fair discussion of the evidence and a fair response to his argument. As to the third point, Corwin argues that the prosecutor improperly told the jury that they were required to evaluate the field sobriety test from the officer's perspective. The State asserts that the officer's testimony and perspective were the only evidence presented to the jury, therefore, the jury's evaluation of the officer's perspective was appropriate; nonetheless, the jury did not need to accept it as truth.

We determine that the prosecutor's statement in rebuttal did not constitute prosecutorial misconduct. Even if Corwin was able to satisfy the first two prongs of fundamental error, he is unable to demonstrate that the potential error was not harmless. The evidence against Corwin was so overwhelming that the outcome of the trial could not have been reasonably attributed to the prosecutor's statement. The jury was presented with the following evidence: (1) Corwin failed to dim the high beams on his vehicle when passing oncoming traffic; (2) he turned onto an uninhabited street that had no exits; (3) his eyes were bloodshot and glassy; (4) he slurred his speech and his movements were fumbling; (5) he smelled of alcohol; (6) he failed the horizontal gaze and nystagmus test; (7) he failed the walk and turn test; (8) he failed the one-leg stand test; (9) he admitted to failing the three field sobriety tests; (10) the officer found a bottle of vodka under the passenger seat; and (11) Corwin took two breath tests and recorded a blood alcohol level of .083 and .085. The prosecutor's rebuttal only regarded the walk and turn test. Even if the rebuttal was error, the statements would not affect the outcome of the trial because overwhelming evidence still existed for the jury to convict Corwin. Therefore, we conclude that the evidence before the jury was so overwhelming that the jury's verdict could not have been

4

attributed to the statement made by the prosecutor in rebuttal. Thus, the error, if any, is harmless.

## III.
## CONCLUSION

Corwin has failed to show fundamental error. Therefore, the district court's judgment of conviction is affirmed.

Judge LANSING and Judge GUTIERREZ **CONCUR.**