## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 39260

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 426 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: March 29, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ALAN DANIEL BURTNESS, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Fred M. Gibler, District Judge.

Judgment of conviction for aggravated battery, affirmed.

Sara B. Thomas, State Appellate Public Defender; Diane M. Walker, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

PERRY, Judge Pro Tem

Alan Daniel Burtness appeals from his judgment of conviction for aggravated battery. He asserts that the state violated his right to a fair trial during closing argument when the prosecutor vouched for state witnesses, and that the district court erred when it denied his motion for mistrial. For the reasons set forth below, we affirm.

### I.

### FACTUAL AND PROCEDURAL BACKGROUND

Daniel McCullough was a guest at Alan Burtness's house on January 19, 2010. During the course of the evening, McCullough entered Burtness's bedroom where he was sitting with his girlfriend, Jennifer Jewitt, and a fight ensued. Valerie Reichart, a friend of McCullough's, entered the room to find the two men struggling on the floor, fighting over a knife. In the course of the struggle, Burtness was cut over his eye and McCullough was cut across his hand and arm,

1

and both his ulna and radial bones in his arm were broken. Burtness was charged, tried, and convicted of aggravated battery.

During closing argument the prosecutor made the following statement:

What we have in evidence in this trial, ladies and gentlemen, is the testimony of Valerie and Dan.

Ladies and gentlemen, they both took this stand. They swore to tell the truth, the whole truth and nothing but the truth. The evidence shows you that they are credible. When you were watching Valerie and Dan testify, what was their demeanor like? Were they evasive and hostile, like some of the defense witnesses we saw? Were they consistent with each other? Were they aggravated? Did they look like they were searching for answers? No. The evidence, the demeanor, their presentation on the stand . . . .

Burtness objected and the district court sustained the objection and instructed the jury to disregard the comments regarding the demeanor of the defense witnesses. The state then continued, "Look to Valerie. Look to Dan. Do you feel like they were lying to you? I respectfully submit they came across as genuine. For that reason you can believe them." Burtness again objected and asserted the state was vouching for its witnesses and moved for a mistrial. The district court denied the motion. The jury found Burtness guilty as charged. The district court imposed a unified sentence of ten years, with three years fixed. The court then suspended the sentence and placed Burtness on supervised probation for four years. Burtness appealed. On appeal, Burtness asserts that the state violated his right to a fair trial by vouching for its witnesses and that it was error for the district court to deny his motion for mistrial.

## II.

## ANALYSIS

In criminal cases, motions for mistrial are governed by I.C.R. 29.1. A "mistrial may be declared upon motion of the defendant, when there occurs during the trial an error or legal defect in the proceedings, or conduct inside or outside the courtroom, which is prejudicial to the defendant and deprives the defendant of a fair trial." I.C.R. 29.1(a). Our standard for reviewing a district court's denial of a motion for mistrial is well established:

[T]he question on appeal is not whether the trial judge reasonably exercised his discretion in light of circumstances existing when the mistrial motion was made. Rather, the question must be whether the event which precipitated the motion for mistrial represented reversible error when viewed in the context of the full record. Thus, where a motion for mistrial has been denied in a criminal case, the "abuse of discretion" standard is a misnomer. The standard, more accurately stated, is

2

> one of reversible error. Our focus is upon the continuing impact on the trial of the incident that triggered the mistrial motion. The trial judge's refusal to declare a mistrial will be disturbed only if that incident, viewed retrospectively, constituted reversible error.

*State v. Urquhart*, 105 Idaho 92, 95, 665 P.3d 1102, 1105 (Ct. App. 1983).

Although our system of criminal justice is adversarial in nature, and the prosecutor is expected to be diligent and leave no stone unturned, the prosecutor is nevertheless expected and required to be fair. *State v. Field*, 144 Idaho 559, 571, 165 P.3d 273, 285 (2007). However, in reviewing allegations of prosecutorial misconduct, we must keep in mind the realities of trial. *Id.* A fair trial is not necessarily a perfect trial. *Id.* When there has been a contemporaneous objection we determine factually if there was prosecutorial misconduct, then we determine whether the error was harmless. *Id.*; *State v. Hodges*, 105 Idaho 588, 592, 671 P.2d 1051, 1055 (1983); *State v. Phillips*, 144 Idaho 82, 88, 156 P.3d 583, 589 (Ct. App. 2007). Where a defendant meets his or her initial burden of showing that a violation occurred, the state has the burden of demonstrating to the appellate court beyond a reasonable doubt that the constitutional violation did not contribute to the jury's verdict. *State v. Perry*, 150 Idaho 209, 227, 245 P.3d 961, 979 (2010).

Burtness contends the state violated his right to a fair trial. In support of this assertion, Burtness points to statements made by the prosecutor during closing argument and contends that these statements amount to vouching for state witnesses and therefore constitute prosecutorial misconduct.

Closing argument serves to sharpen and clarify the issues for resolution by the trier of fact in a criminal case. *Phillips*, 144 Idaho at 86, 156 P.3d at 587. Its purpose is to enlighten the jury and to help the jurors remember and interpret the evidence. *Id.*; *State v. Reynolds*, 120 Idaho 445, 450, 816 P.2d 1002, 1007 (Ct. App. 1991). Both sides have traditionally been afforded considerable latitude in closing argument to the jury and are entitled to discuss fully, from their respective standpoints, the evidence and the inferences to be drawn therefrom. *State v. Sheahan*, 139 Idaho 267, 280, 77 P.3d 956, 969 (2003); *Phillips*, 144 Idaho at 86, 156 P.3d at 587.

Closing argument should not include counsel's personal opinions and beliefs about the credibility of a witness or the guilt or innocence of the accused. *Phillips*, 144 Idaho at 86, 156 P.3d at 587. *See also State v. Garcia*, 100 Idaho 108, 110-11, 594 P.2d 146, 148-49 (1979);

3

*State v. Priest*, 128 Idaho 6, 14, 909 P.2d 624, 632 (Ct. App. 1995); *State v. Ames*, 109 Idaho 373, 376, 707 P.2d 484, 487 (Ct. App. 1985). A prosecution attorney may express an opinion in argument as to the truth or falsity of testimony or the guilt of the defendant when such opinion is based upon the evidence, but the prosecutor should exercise caution to avoid interjecting his or her personal belief and should explicitly state that the opinion is based solely on inferences from evidence presented at trial. *Phillips*, 144 Idaho at 86 n.1, 156 P.3d at 587 n.1. The safer course is for a prosecutor to avoid the statement of opinion, as well as the disfavored phrases "I think" and "I believe" altogether. *Id.*

The prosecutor began the remarks at issue by stating, "What we have in evidence in this trial, ladies and gentlemen, is the testimony of Valerie and Dan." He offered a conclusion as a preface to his discussion of the witnesses' demeanor by stating, "The evidence shows you they are credible." The prosecutor asked the jury to consider the demeanor of the state's witnesses during their testimony and asked, "Were they evasive and hostile, like some of the defense witnesses we saw? Were they consistent with each other?" Shortly after this, and in the course of the prosecutor's argument regarding the credibility of the state's witnesses, Burtness objected. The district court sustained the objection and instructed the jury to disregard the characterization of defense witnesses. The prosecutor, thus chastised, continued and said, "Look to Valerie. Look to Dan. Do you feel like they were lying to you? I respectfully submit they came across as genuine. For that reason you can believe them." Burtness objected again, asserted that the prosecutor was vouching for the state's witnesses, that it constituted misconduct, and moved for mistrial. While the district court overruled the objection and denied the motion, it also instructed the prosecutor in the presence of the jury to state his argument and to explain exactly what he meant.

As the appellant has correctly noted, a prosecutor may not place the prestige of the government behind the witness. In this case, however, the prosecutor couched his argument three times in terms of what the evidence showed. Though he did use the disfavored phrase beginning with "I respectfully submit," this by itself does not establish that he vouched for the state's witnesses. *See Phillips*, 144 Idaho at 86 n.1, 156 P.3d at 587 n.1. He specifically asked the jurors to consider the demeanor of the witnesses, and the consistency of their statements with each other, together with the rest of the evidence presented. At no time did counsel for the state imply that the witnesses were credible *because* they were the state's witnesses. The prosecutor

4

was entitled to argue and draw inferences based on the evidence and testimony presented during trial and he did. Burtness has not shown that the prosecutor committed misconduct during his closing argument.

Under Rule 29.1(a) a mistrial is only appropriate where the incident that forms the basis of the motion was error. Prosecutorial misconduct could satisfy that requirement. Here, not only did the prosecutor's statements during argument not amount to misconduct, the record reflects that the district court showed an abundance of caution with respect to Burtness's constitutional right to a fair trial. The district court sustained the first objection and instructed the jury to disregard the characterization of the defense witnesses. Thereafter, when Burtness again objected to an argument the prosecutor was entitled to make, the court, after overruling the objection, instructed the prosecutor to "explain exactly" what he meant by his argument. The prosecutor then explained the evidence at some length and, by instructing the prosecutor, the district court diminished any possible impact of the prosecutor's statements reassuring the jury that the prosecutor's argument was to be based on, and couched in terms of, the evidence presented at trial. Burtness has not shown that the district court erred when it denied his Rule 29 motion for mistrial.

## III.
## CONCLUSION

Burtness has failed to show that the prosecutor committed misconduct. Therefore, the district court did not err when it denied Burtness's Rule 29 motion. Burtness's judgment of conviction for aggravated battery is affirmed.

Judge GRATTON and Judge MELANSON **CONCUR.**